1    **SCHIFF HARDIN LLP**
Jean L. Bertrand (Bar No.083250)
2    jbertrand@schiffhardin.com
Jeffrey V. Commisso (Bar No. 191267)
3    jcommisso@schiffhardin.com
One Market, Spear Street Tower
4    Thirty-Second Floor
San Francisco, CA  94105
5    Telephone:   (415) 901-8700
Facsimile:    (415) 901-8701
6
Attorneys for Plaintiff
7    G.G. Marck & Associates, Inc.

8                    UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11   G.G. Marck & Associates, Inc.,              Case No.  C 07 80222 MISC

12               Plaintiff,                       **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
13   v.                                           **G.G. MARCK'S MOTION TO COMPEL DEFENDANTS'**
                                                  **DEPOSITIONS (DEBTOR**
14   James Peng, Photo U.S.A.                     **EXAMINATIONS) AND**
Corporation, North American                  **PRODUCTION OF DOCUMENTS**
15   Investments Corp., and Photo USA
Electronic Graphic, Inc.,                    DATE:      April 25, 2008
16                                               TIME:      9:00 a.m.
                 Defendants.                     JUDGE:     Hon. Jeffrey White
17

18

19

20

21

22

23

24

25

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I.   **INTRODUCTION**

G. G. Marck & Associates seeks an order compelling judgment debtors James Peng, Photo U.S.A. Corporation, and North American Investments Corporation to appear for depositions. G.G. Marck has a $1.5 million judgment against Peng and his companies, Photo U.S.A. Corporation, North American Investments Corporation, which was entered by the United States District Court for the Northern District of Ohio.

Last winter, G. G. Marck properly registered its judgment here and served deposition notices on Peng and his companies (collectively "Peng") as part of an effort to locate and identify Peng's assets for collection.

Peng first asked to postpone these depositions, which G. G. Marck agreed to do. Then, at the eleventh hour, Peng claimed he was out of the county, too ill to travel, and that none of the depositions could proceed. G. G. Marck was skeptical of this, but instead of proceeding immediately with motion practice came to an agreement with Peng's counsel:  Peng agreed (in principle) to a stipulated order providing that (i) Peng would appear for deposition on or before a date certain; and (ii) Peng would produce documents at least five days before his deposition.

G. G. Marck prepared a proposed stipulation and order based on the parties' agreement, but Peng's counsel has not responded to that proposed order, to G.G. Marck's phone calls, or to letters. Consequently, G. G. Marck had no option but to seek the Court's assistance.

II.   **ATTEMPTS TO AVOID MOTION PRACTICE**

G.G. Marck has made repeated attempts to schedule Peng's depositions without court intervention. Peng's counsel has agreed that Peng will appear, but has not followed through on that agreement. Indeed, since Mid-February 2008, Peng's counsel has entirely ceased responding to communications. (Commisso

1  Decl. ¶¶ 12-15.)

2       Last November, G. G. Marck served deposition notices setting Peng's

3  depositions for the week of December 17, 2007. (Commisso Decl. ¶ 2.) After

4  speaking with Peng's counsel on December 10, 2007, the depositions were re-

5  scheduled for January 29-31, 2008 to accommodate Peng's schedule. (Commisso

6  Decl. ¶¶ 3-7.) But a week before depositions, Peng's counsel sent G.G. Marck a

7  letter stating that Mr. Peng was in the People's Republic of China and too ill to

8  travel to the United States for his deposition. (Commisso Decl. ¶ 8.)

9       On January 28, 2008, counsel for the parties discussed rescheduling Peng's

10  depositions. (Commisso Decl. ¶ 9.) Because Peng was not expected back in the

11  United States until early February, counsel agreed to wait until then to set specific

12  dates. Nevertheless, G.G. Marck asked for, and Peng's counsel agreed to, a

13  stipulation and order to be submitted to this Court that provided that Peng would be

14  appear for deposition and that he would produce documents five days before his

15  deposition. (Commisso Decl. ¶¶ 9-10.)

16       Between January 28 and February 8, 2008, counsel for the parties traded

17  messages about depositions, but never actually spoke. On February 8, 2008,.

18  Peng's counsel left a message agreeing that the proposed stipulation should set a

19  deadline for the completion of Peng's depositions instead of setting specific dates.

20  (Commisso Decl. ¶ 10.) Between February 8 and 19, 2008, G.G. Marck tried to

21  contact Peng's counsel by phone but was not successful. (Commisso Decl. ¶¶ 11-

22  12.)

23       On February 19, 2008, G.G. Marck's counsel sent a proposed stipulation and

24  order scheduling the debtor examinations. (Commisso Decl. ¶ 13.) To date, there

25  has been no response from defense counsel to this proposed stipulation and order.

26  (Commisso Decl. ¶¶ 14-15.)

27       On February 26, 2008, G.G. Marck's counsel sent Peng's counsel a facsimile

28  informing him of G.G. Marck's plan to seek court intervention unless Peng

1  responded on or before February 27, 2008.  (Commisso Decl. ¶ 15.)  Peng did not

2  respond.

3  **III.    <u>DISCUSSION</u>**

4        Rule 69 allows a judgment creditor, like G. G. Marck, to obtain discovery

5  from "any person—including the judgment debtor—as provided in these rules. . . ."

6  Rule 30 permits oral deposition of any person and any private corporation.  G.G.

7  Marck has issued deposition notices and a demand for the production of documents

8  to Peng, Photo U.S.A. Corporation, and North American Investments Corporation.

9  The defendants have failed and refused to appear.  Consequently, under Rule 37, G.

10  G. Marck is entitled to an order compelling Peng, Photo U.S.A. Corporation, and

11  North American Investments Corporation to appear.

12      ///

13      ///

14      ///

15      ///

16      ///

17      ///

18      ///

19      ///

20      ///

21      ///

22      ///

23      ///

24      ///

25      ///

26      ///

27      ///

28      ///

1  **IV.    CONCLUSION**

2          G.G. Marck respectfully requests that the Court grant this motion and order

3  Peng, Photo U.S.A. Corporation, and North American Investments Corporation to

4  appear for depositions on or before a date certain and to produce documents at least

5  five court days before their depositions.  After all, Peng, Photo U.S.A. Corporation,

6  and North American Investments Corporation have agreed to appear; have agreed

7  to produce documents before their depositions, and have agreed in principle to an

8  order to this effect.  Moreover, because there is no excuse for Peng, Photo U.S.A.

9  Corporation, or North American Investments Corporation failure to appear or to

10  respond to communications from G. G. Marck, the Court should further order them

11  to reimburse G. G. Marck for part of its costs in making this motion.

12  Dated:  March 7, 2008                    **SCHIFF HARDIN LLP**

13

14                                           By:

15                                               Jeffrey V. Commisso
                                                 Attorneys for Plaintiff
16                                               G. G. Marck & Associates, Inc.,

17  SF\9101198.2

18

19

20

21

22

23

24

25

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

1

**PROOF OF SERVICE**

2

I, the undersigned, declare:

3

I am a citizen of the United States and I am a resident of the State of California and over

4

the age of eighteen (18) years, and not a party to the within action.  I am an employee of Schiff

5

Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty Second Floor,

6

San Francisco, California 94105.

7

On the date below, I served a copy of the within document(s):

8
9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF G.G. MARCK'S MOTION TO COMPEL DEFENDANTS' DEPOSITIONS (DEBTOR EXAMINATIONS) AND PRODUCTION OF DOCUMENTS**

10

☒    **BY U.S. MAIL:**  By placing the document(s) listed above in a sealed envelope with

11
postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection

12
and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the

13
ordinary course of business.

14
Daniel R. Richardson
Richardson Intellectual Property Law

15
870 Market Street, Suite 615
San Francisco, CA 94102

16
Phone: (415) 291-8900
Fax: (415) 291-8391

17
*Attorneys for Defendants James Peng,*

18
*Photo U.S.A. Corporation, North American Investments Corp. and Photo USA Electronic Graphic, Inc.*

19

20

I declare under penalty of perjury under the laws of the State of California that the above

21

is true and correct.  Executed on March 7, 2008, at San Francisco, California.

22

23
Leann F. Love

24
SF\9046526.1

25

26

27

28