1    **SCHIFF HARDIN LLP**
Jean L. Bertrand (Bar No.083250)
2    jbertrand@schiffhardin.com
Jeffrey V. Commisso (Bar No. 191267)
3    jcommisso@schiffhardin.com

4    One Market, Spear Street Tower
Thirty-Second Floor
5    San Francisco, CA 94105
Telephone: (415) 901-8700
6    Facsimile: (415) 901-8701

7    Attorneys for Plaintiff
G.G. Marck & Associates, Inc.,
8

9          UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA
10

11

| | |
|---|---|
| G.G. Marck & Associates, Inc., | Case No. C 07 80222 MISC |
| Plaintiff, | **DECLARATION OF JEFFREY V. COMMISSO IN SUPPORT OF G.G. MARCK'S MOTION TO COMPEL DEFENDANTS' DEPOSITIONS (DEBTOR EXAMINATIONS) AND PRODUCTION OF DOCUMENTS** |
| v. | |
| James Peng, Photo U.S.A. Corporation, North American Investments Corp., and Photo USA Electronic Graphic, Inc., | DATE: April 25, 2008 |
| Defendants. | TIME: 9:00 a.m. |
| | JUDGE: Hon. Jeffrey White |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Jeffrey V. Commisso, declare as follows:

1.    I am an attorney licensed to practice before the United States District Court for the Northern District of California. I am an associate with the law firm of Schiff Hardin LLP, counsel of record for plaintiff G.G. Marck & Associates, Inc. ("G.G. Marck") in the above-captioned matter. I have personal, firsthand knowledge of the following matters.

2.    On December 10, 2007, I wrote to counsel for defendants, Mr. Daniel Richardson, enclosing all defendants' deposition notices and demand for production of documents. The depositions were noticed for December 17-20, 2008. Attached hereto as **Exhibit A** is a true and correct copy of my December 10, 2007 letter.

3.    On December 10, 2007, I spoke with Mr. Richardson. We agreed to reschedule the depositions of Mr. Peng to January 29, 2008, Photo U.S.A. Corporation to January 30, 2008, and North American Investments Corporation to January 31, 2008.

4.    Attached hereto as **Exhibit B** is a true and correct copy of my second December 10, 2007 letter confirming this conversation.

5.    Attached hereto as **Exhibit C** is a true and correct copy G.G. Marck's Amended Notice of Deposition of James Peng and Demand for Production of Documents (Debtor's Examination).

6.    Attached hereto as **Exhibit D** is a true and correct copy G.G. Marck's Amended Notice of Deposition of North American Investments Corporation and Demand for Production of Documents.

7.    Attached hereto as **Exhibit E** is a true and correct copy G.G. Marck's Amended Notice of Deposition of Photo U.S.A. Corporation and Demand for Production of Documents.

8.    Attached here to as **Exhibit F** is a true and correct copy of Mr. Richardson's January 22, 2008 letter.

- 2 -

9.    On January 28, 2008, Mr. Richardson and I spoke about Mr. Peng returning to the United States and that counsel would again speak on February 6, 2008 about rescheduling the debtors examination. We agreed to a stipulation and order that the depositions would be completed by a set date and an order to that effect to be submitted to the Court. Further, we agreed that the production of documents would occur five days before each deposition. Attached here as **Exhibit G** is a true and correct copy of a letter dated January 28, 2008 that confirms this conversation.

10.    On February 8, 2008, Mr. Richardson left a message for me agreeing that the stipulation and order should contain a deadline for completion of defendants' depositions, instead of specific dates.

11.    On February 11, 2008, I wrote a letter to Mr. Richardson about the agreed stipulation and order. Attached hereto as **Exhibit H** is a true and correct copy of this letter dated February 11, 2008.

12.    On February 15, 2008 I attempted to contact Mr. Richardson regarding the proposed stipulation and order. I left a message on his work answering machine. He did not respond.

13.    On February 19, I sent the proposed stipulation and order concerning the debtors examinations and depositions to Mr. Richardson. Attached hereto as **Exhibit I** is a true and correct copy of the proposed stipulation and order with accompanying cover letter.

14.    On February 21, 2008, I again attempted to contact Mr. Richardson by phone regarding the proposed stipulation and order and left him a voice message. Again, Mr. Richardson did not respond.

15.    On February 26, 2008, I sent a facsimile to Mr. Richardson asking for a response to the proposed stipulation and order by February 27, 2008. He did not respond by February 27, 2008. Attached hereto as **Exhibit J** is a true and correct copy of that letter.

DECLARATION OF JEFFREY V. COMMISSO IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

16.    So far, an associate in my office, Nicole S. Magaline, has spent 15 hours preparing this Motion to Compel.  Her hourly rate is $230, totaling $3,450 in legal fees.

17.    G.G. Marck has also incurred filing fees, copying costs, fax charges, and messenger charges in connection with this dispute.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  March 7, 2008

By: _____
    Jeffrey V. Commisso

SF\9101200.1

- 4 -

1

**PROOF OF SERVICE**

2          I, the undersigned, declare:

3          I am a citizen of the United States and I am a resident of the State of California and over

4    the age of eighteen (18) years, and not a party to the within action.  I am an employee of Schiff

5    Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty Second Floor,

6    San Francisco, California 94105.

7          On the date below, I served a copy of the within document(s):

8              **DECLARATION OF JEFFREY V. COMMISSO IN SUPPORT OF G.G.**
               **MARCK'S MOTION TO COMPEL DEFENDANTS' DEPOSITIONS**
9              **(DEBTOR EXAMINATIONS) AND PRODUCTION OF DOCUMENTS**

10   ☒    **BY U.S. MAIL:**  By placing the document(s) listed above in a sealed envelope with
             postage thereon fully prepaid, in the United States mail at San Francisco, California
11           addressed as set forth below.  I am readily familiar with the firm's practice of collection
             and processing correspondence for mailing.  Under that practice it would be deposited
12           with the U.S. Postal Service on that same day with postage thereon fully prepaid in the
             ordinary course of business.

13
          Daniel R. Richardson
14        Richardson Intellectual Property Law
          870 Market Street, Suite 615
15        San Francisco, CA 94102
          Phone: (415) 291-8900
16        Fax: (415) 291-8391

17        *Attorneys for Defendants James Peng,*
          *Photo U.S.A. Corporation, North*
18        *American Investments Corp. and Photo*
          *USA Electronic Graphic, Inc.*

19

20          I declare under penalty of perjury under the laws of the State of California that the above

21   is true and correct.  Executed on March 7, 2008, at San Francisco, California.

22                                              _Leann F. Love_
                                                      Leann F. Love
23

24   SF\9046526.1

25

26

27

28

# EXHIBIT A



SCHIFF HARDIN LLP

ONE MARKET
SPEAR STREET TOWER
THIRTY-SECOND FLOOR
SAN FRANCISCO, CA  94105
*t* 415.901.8700
*f* 415.901.8701
www.schiffhardin.com

Jeffrey V. Commisso
415-901-8781
jcommisso@schiffhardin.com

December 10, 2007

**VIA FACSIMILE**

Daniel R. Richardson
Richardson Intellectual Property Law
870 Market Street, Suite 615
San Francisco, CA 94102

Re:     G. G. Marck & Associates, Inc. v. James Peng et al.
        Case No. C 07 MC 80222 SI

Dear Mr. Richardson:

Thank you for your December 7, 2007, voicemail regarding examinations in this matter. As you requested, I am enclosing copies of the subpoena and the deposition notices in this matter. While preparing to send these documents to you, I noticed that all the examinations have been set for December 17, 2007, at 9:00 a.m. This was an error. Examinations should have been set for December 17, 18, 19, and 20, 2007. I regret the error.

Please let me know whether and to what extent your clients are available for examinations the week of December 17, 2007, or if we need to make other arrangements.

Very truly yours,
SCHIFF HARDIN, LLP

Jeffrey V. Commisso

JVC:sr
Enclosures

CHICAGO I WASHINGTON I NEW YORK I LAKE FOREST I ATLANTA I SAN FRANCISCO

```
*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO              4444
CONNECTION TEL                  2918391
SUBADDRESS
CONNECTION ID
ST. TIME              12/10 11:01
USAGE T               16'09
PGS.                     40
RESULT                OK
```



# SCHIFFHARDIN LLP

One Market, Spear Street Tower, Thirty-Second Floor, San Francisco, California 94105 · 415.901.8700
Facsimile 415.901.8701

| CLIENT/MATTER NO.: | 35323-0000 |
| DATE: | December 10, 2007 |

## FACSIMILE TRANSMITTAL SHEET

### TO THE FOLLOWING:

| Name | Fax Number | Phone Number |
|------|------------|--------------|
| Daniel R. Richardson | (415) 291-8391 | (415) 291-8900 |

| FROM: | Jeffrey V. Commisso | DIRECT DIAL NO.: | (415) 901-8781 |
|-------|---------------------|------------------|-----------------|

Transmission consists of cover sheet plus **39** pages.

If there are any problems with this transmission, please call Susannah Roff at (415) 901-8737.

COMMENTS

Attached please find our letter of 12-10-07 and the following attachments:

Subpoena in a Civil Case

Notice of Deposition of James Peng and Demand for Production of Documents



# SCHIFF HARDIN LLP

One Market, Spear Street Tower, Thirty-Second Floor, San Francisco, California 94105 · 415.901.8700
Facsimile 415.901.8701

| | |
|---|---|
| CLIENT/MATTER NO.: | 35323-0000 |
| DATE: | December 10, 2007 |

## FACSIMILE TRANSMITTAL SHEET

### TO THE FOLLOWING:

| Name | Fax Number | Phone Number |
|---|---|---|
| Daniel R. Richardson | (415) 291-8391 | (415) 291-8900 |

| FROM: | Jeffrey V. Commisso | DIRECT DIAL NO.: | (415) 901-8781 |
|---|---|---|---|

Transmission consists of cover sheet plus **39** pages.

If there are any problems with this transmission, please call Susannah Roff at (415) 901-8737.

COMMENTS

Attached please find our letter of 12-10-07 and the following attachments:

Subpoena in a Civil Case

Notice of Deposition of James Peng and Demand for Production of Documents

Notice of Deposition of North American Investment Corp. and Demand for Production of Documents

Notice of Deposition of Photo USA Corp. and Demand for Production of Documents

Notice of Deposition of Anna K. Peng

IMPORTANT - THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT READING, DISSEMINATING, DISTRIBUTING OR COPYING THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU

SF\9053640.1

# EXHIBIT B



**SCHIFFHARDIN**LLP

ONE MARKET
SPEAR STREET TOWER
THIRTY-SECOND FLOOR
SAN FRANCISCO, CA 94105
*t* 415.901.8700
*f* 415.901.8701
www.schiffhardin.com

Jeffrey V. Commisso
415-901-8781
jcommisso@schiffhardin.com

December 10, 2007

Daniel R. Richardson
Richardson Intellectual Property Law
870 Market Street, Suite 615
San Francisco, CA 94102

Re:    G. G. Marck & Associates, Inc. v. James Peng et al.
        Case No. C 07 MC 80222 SI

Dear Mr. Richardson:

It was a pleasure speaking with you today. As we discussed, I have prepared amended notices of examination for Mr. Peng, Photo U.S.A. Corporation, and North American Investments Corporation, which are enclosed. With respect to Ms. Peng, we agreed to take her examination off calendar at least until the other examinations are complete. Although we did not discuss it, I assume that, if we need to reschedule Ms. Peng's deposition, you will accept service for her. Please let me know if I am wrong about this.

Very truly yours,

SCHIFF HARDIN, LLP

Jeffrey V. Commisso

JVC:sr
Enclosures

# EXHIBIT C

**SCHIFF HARDIN LLP**
Jean L. Bertrand (Bar No.083250)
jbertrand@schiffhardin.com
Jeffrey V. Commisso (Bar No. 191267)
jcommisso@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone:  (415) 901-8700
Facsimile:  (415) 901-8701

Attorneys for Plaintiff
G.G. Marck & Associates, Inc.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.G. Marck & Associates, Inc., | Case No.  C 07 80222 MISC |
| Plaintiff, | **AMENDED NOTICE OF DEPOSITION OF JAMES PENG AND DEMAND FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| James Peng, Photo U.S.A. Corporation, North American Investments Corp., and Photo USA Electronic Graphic, Inc., | **(DEBTOR'S EXAMINATION)** |
| Defendants. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 30, 45, and 69, plaintiff and judgment creditor G. G. Marck & Associates, Inc., by and through its attorneys of record, will take the deposition of defendant and judgment debtor James Peng.

This deposition will take place at Schiff Hardin, LLP, One Market Street, San Francisco, California, 94105, on January 29, 2008, at 9:00 a.m.  The deposition will continue from day to day, excluding weekends and holidays, until complete. The deposition will be taken before a certified court reporter authorized to administer oaths and will be recorded stenographically.

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rules of Civil Procedure 30, 45, and 69, the deponent shall bring to the deposition any and all documents responsive to this notice.

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "YOU" and "YOUR" mean and include defendant James Peng and any person or entity acting on his behalf, including his agents, and employees.

2.      The term "CODEFENDANTS" means and includes Photo U.S.A. Corporation, North American Investments Corporation, and Photo USA Electronic Graphic, Inc.

3.      The term "DOCUMENTS" means and includes means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

With respect to electronically stored information, such information should be produced in hard copy and electronic format.

## DOCUMENTS YOU ARE TO PRODUCE:

1.      All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR income.

2.      All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR assets.

3.      All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR liabilities.

4.      All DOCUMENTS that constitute, evidence, reflect, refer to, or relate

1    to YOUR expenditures.

2        5.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate
3    to YOUR financial, banking, stock, bond, or investment accounts.

4        6.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate
5    to YOUR federal income tax.

6        7.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate
7    to YOUR state income tax.

8        8.    All bank statements, signature cards, canceled checks, deposit slips,
9    bank memoranda, checkbooks, certificates of deposit, passbooks and any other
10   DOCUMENTS that relate to checking accounts, savings accounts, escrow accounts
11   or any other accounts in a bank, savings and loan association, credit union, or other
12   financial institution in which YOU have or have had an interest.

13       9.    All deeds, mortgages, trust deeds, certificates of participation, trust
14   agreements, contracts for deed and other DOCUMENTS that evidence any
15   ownership interest, legal or equitable, in real estate in which YOU have or have had
16   an interest.

17       10.    All statements of account and other DOCUMENTS that relate to a
18   stock, money market, option or commodities brokerage account or accounts,
19   whether or not maintained with a stock or commodities broker or other financial
20   institution, in which YOU have or have had an interest.

21       11.    All DOCUMENTS that constitute, evidence, reflect, refer to, or to any
22   property or assets held by any of YOUR CODEFENDANTS.

23       12.    All DOCUMENTS that constitute, evidence, reflect, refer to, or to any
24   sale, transfer, or gift of any of YOUR assets or income.

25       13.    All notes, mortgages and other DOCUMENTS that refer or relate to
26   any indebtedness, liability or obligation owed by any of the CODEFENDANTS to
27   YOU.

28

14.    All notes, mortgages and other DOCUMENTS in YOUR  that refer or relate to any indebtedness, liability or obligation owed by YOU to any of the CODEFENDANTS.

15.    All DOCUMENTS that refer or relate to ownership of any of the CODEFENDANTS.

16.    All DOCUMENTS reflecting the assets, liabilities, income, debts, or expenditures of any of the CODEFENDANTS.

17.    All DOCUMENTS that pertain to royalties, expectancies, stock certificates, notes, bonds, debentures, futures contracts, or options, whether negotiable or non-negotiable, in which YOU have or have had an interest.

18.    All DOCUMENTS that pertain to life, casualty, or property insurance policies in which YOU have or have had an interest.

19.    All receipts, rental agreements, or other DOCUMENTS that reflect, refer to, or relate to any safety deposit box to which YOU have or have had access.

20.    All certificates of title for any motor vehicle in which YOU have or have had an interest.

21.    All certificates of title, registration certificates, financing statements, agreements or other DOCUMENTS that reflect, refer, or relate to relate to any airplanes, helicopters, boats, ships, yachts, barges, railway cars, gems, jewelry, artwork, livestock, or race horses in which YOU have or have had an interest.

22.    All certificates of title and other DOCUMENTS that relate to inventory, machinery, supplies, fixed assets, plants, warehouses or other like assets in which YOU have or have had an interest.

23.    All DOCUMENTS reflect, refer to, or relate to YOUR cash on hand.

24.    All DOCUMENTS reflect, refer to, or relate to any funds belonging to YOU that are being held in escrow or trust.

25.    All DOCUMENTS reflect, refer to, or relate to any trust to which you are, have been, or may be a beneficiary.

26. All agreements, memoranda, minutes, notes, DOCUMENTS filed with any governmental organization or agency, and any other DOCUMENTS that reflect, refer to, or relate to any partnership, joint venture, or any other type of business entity in which you have or have had an interest.

27. All books, records, journals, ledgers, financial statements, both certified and otherwise, accountants' worksheets and other DOCUMENTS that reflect YOUR day-to-day financial transactions.

28. DOCUMENTS sufficient to identify any claims on YOUR behalf in pending lawsuits in which YOU are a party.

29. All DOCUMENTS that evidence, constitute, reflect, refer to, or relate to any claims, accounts receivable, notes, or expectancies that YOU hold against any person or entity.

30. All financing statements, security agreements, contracts, promissory notes, purchase agreements, bills of sale, and other DOCUMENTS that list YOU as either the creditor, debtor, guarantor, payee, assignor, assignee, transferor or transferee and any related foreclosure DOCUMENTS.

31. All DOCUMENTS reflecting, referring to, or relating to the current whereabouts of any tangible assets, including equipment, inventory and real property in which YOU have or have had an interest.

32. All DOCUMENTS that evidence, constitute, reflect, refer to, or relate to, any judgments held by YOU against any individual or entity.

Dated:       December 10, 2007       SCHIFF HARDIN LLP


                                    By:
                                       Jeffrey V. Commisso
                                       Attorneys for Plaintiff
                                       G.G. Marck & Associates, Inc.,

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\9053825.1                          - 5 -

## PROOF OF SERVICE

I, the undersigned, declare:

I am a resident of the State of California and over the age of eighteen (18) years, and not a party to the within action. I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty-Second Floor, San Francisco, California 94105.

On the date below, I caused to be served the following document(s):

**AMENDED NOTICE OF DEPOSITION OF JAMES PENG AND DEMAND FOR PRODUCTION OF DOCUMENTS**

on the parties involved addressed as follows:

[X]    **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

Daniel R. Richardson
Richardson Intellectual Property Law
870 Market Street, Suite 615
San Francisco, CA 94102
(415) 291-8900
Fax: (415) 291-8391

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 10, 2007, at San Francisco, California.

Susannah Roff

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\9053877.1

# EXHIBIT D

1  **SCHIFF HARDIN LLP**
2  Jean L. Bertrand (Bar No.083250)
   jbertrand@schiffhardin.com
3  Jeffrey V. Commisso (Bar No. 191267)
   jcommisso@schiffhardin.com
   One Market, Spear Street Tower
4  Thirty-Second Floor
   San Francisco, CA 94105
5  Telephone: (415) 901-8700
   Facsimile: (415) 901-8701
6
   Attorneys for Plaintiff
7  G.G. Marck & Associates, Inc.,

8              UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF NORTHERN CALIFORNIA

10

11  G.G. Marck & Associates, Inc.,              Case No. C 07 80222 MISC

12              Plaintiff,                        **AMENDED NOTICE OF
                                                  DEPOSITION OF
13  v.                                            NORTH AMERICAN
                                                  INVESTMENTS CORPORATION
14  James Peng, North American                    AND DEMAND FOR PRODUCTION
    Investments Corporation, North               OF DOCUMENTS**
15  American Investments Corp., and
    Photo USA Electronic Graphic, Inc.,
16
17              Defendants.

18

19      TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

20      PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure

21  30, 45, and 69, plaintiff and judgment creditor G. G. Marck & Associates, Inc., by

22  and through its attorneys of record, will take the deposition of defendant and

23  judgment debtor North American Investments Corporation on the matters listed

24  below.

25      This deposition will take place at Schiff Hardin, LLP, One Market Street,

26  San Francisco, California, 94105, on January 30, 2008, at 9:00 a.m. The deposition

27  will continue from day to day, excluding weekends and holidays, until complete.

28  The deposition will be taken before a certified court reporter authorized to

1    administer oaths and will be recorded stenographically.

2        PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rules of Civil

3    Procedure 30, 45, and 69, the deponent(s) shall bring to the deposition any and all

4    documents responsive to this notice.

5    ## MATTERS OF EXAMINATION

6        Pursuant to Federal Rule of Civil Procedure 30(b)(6), North American

7    Investments Corporation shall designate  one or more officers, directors, or

8    managing agents, or other persons who consent to testify on its behalf on the

9    following matters:

10        1.    North American Investments Corporation's current, past, and future

11    income.

12        2.    North American Investments Corporation's current, past, and future

13    assets.

14        3.    North American Investments Corporation's current, past, and future

15    liabilities.

16        4.    North American Investments Corporation's current, past, and future

17    expenditures.

18        5.    North American Investments Corporation's current, past, and future

19    financial, banking, stock, bond, or investment accounts.

20        6.    North American Investments Corporation's current, past, and future

21    federal income tax.

22        7.    North American Investments Corporation's current, past, and future

23    state income tax.

24        8.    North American Investments Corporation's current, past, and future

25    checking accounts, savings accounts, escrow accounts or any other accounts in a

26    bank, savings and loan association, credit union, or other financial institution.

27        9.    North American Investments Corporation's current, past, and future

28    ownership interest, legal or equitable, in real estate.

HIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF\9053862.1

10.    North American Investments Corporation's current, past, and future stock, money market, option or commodities brokerage account or accounts, whether or not maintained with a stock or commodities broker or other financial institution.

11.    North American Investments Corporation's current, past, and future property or assets held by James Peng, Photo U.S.A. Corporation, or Photo USA Electronic Graphic, Inc.

12.    North American Investments Corporation's current, past, and future sale, transfer, or gift of any of assets or income.

13.    Current, past, and future indebtedness, liability or obligation owed to North American Investments Corporation by any person or entity, including James Peng, Photo U.S.A. Corporation, or Photo USA Electronic Graphic, Inc.

14.    North American Investments Corporation's current, past, and future indebtedness, liability or obligation owed to any person or entity, including James Peng, Photo U.S.A. Corporation, or Photo USA Electronic Graphic, Inc.

15.    Ownership of North American Investments Corporation, Photo U.S.A. Corporation, and Photo USA Electronic Graphic, Inc.

16.    Assets, liabilities, income, debts, or expenditures of North American Investments Corporation, Photo U.S.A. Corporation, and Photo USA Electronic Graphic, Inc..

16.    All royalties, expectancies, stock certificates, notes, bonds, debentures, futures contracts, or options, whether negotiable or non-negotiable, in which North American Investments Corporation has a current, past, or future interest.

17.    All life, casualty, or property insurance policies in which North American Investments Corporation has a current, past, or future interest.

18.    Any safety deposit box in which North American Investments Corporation has a current, past, or future interest.

19.   Motor vehicles in which North American Investments Corporation has a current, past, or future interest.

20.   Airplanes, helicopters, boats, ships, yachts, barges, railway cars, gems, jewelry, artwork, livestock, or race horses in which North American Investments Corporation has a current, past, or future interest.

21.   Inventory, machinery, supplies, fixed assets, plants, warehouses or other like assets in which North American Investments Corporation has a current, past, or future interest.

22.   North American Investments Corporation's current, past, or future interest cash on hand.

23.   All funds belonging to North American Investments Corporation that are held in escrow or trust.

24.   All trusts to which North American Investments Corporation is, has been, or may be a trustor, trustee, or beneficiary.

25.   All partnerships, joint ventures, and any other type of business entity in which North American Investments Corporation has a current, past, or future interest.

26.   North American Investments Corporation's current, past, and future day-to-day financial transactions.

27.   Pending lawsuits in which North American Investments Corporation has a current, past, or future interest.

28.   All claims, accounts receivable, notes, or expectancies that North American Investments Corporation holds against any person or entity.

29.   The current whereabouts of any tangible assets, including equipment, inventory and real property in which North American Investments Corporation has a current, past, or future interest.

30.   North American Investments Corporation's financial institutions, financial accounts, financial-account numbers, and financial-account balances.

31.    All judgments held by North American Investments Corporation against any individual or entity.

32.    North American Investments Corporation's shareholders.

33.    North American Investments Corporation's bondholders.

34.    North American Investments Corporation's stock.

35.    North American Investments Corporation's bonds.

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rules of Civil Procedure 30, 45, and 69, the deponent shall bring to the deposition any and all documents responsive to the subpoena.

## DEFINITIONS AND INSTRUCTIONS

1.    The terms "YOU" and "YOUR" mean and include North American Investments Corporation, its parents, subsidiaries, and joint ventures as well as any person or entity acting on its behalf, including its agents, and employees.

2.    The term "CODEFENDANTS" means and includes James Peng, Photo U.S.A. Corporation, and Photo USA Electronic Graphic, Inc.

3.    The term "DOCUMENTS" means and includes means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

With respect to electronically stored information, such information should be produced in hard copy and electronic format.

## DOCUMENTS YOU ARE TO PRODUCE:

1.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR income.

1    2.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate
2  to YOUR assets.

3    3.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate
4  to YOUR liabilities.

5    4.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate
6  to YOUR expenditures.

7    5.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate
8  to YOUR financial, banking, stock, bond, or investment accounts.

9    6.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate
10  to YOUR federal income tax.

11    7.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate
12  to YOUR state income tax.

13    8.    All bank statements, signature cards, canceled checks, deposit slips,
14  bank memoranda, checkbooks, certificates of deposit, passbooks and any other
15  DOCUMENTS that relate to checking accounts, savings accounts, escrow accounts
16  or any other accounts in a bank, savings and loan association, credit union, or other
17  financial institution in which YOU have or have had an interest.

18    9.    All deeds, mortgages, trust deeds, certificates of participation, trust
19  agreements, contracts for deed and other DOCUMENTS that evidence any
20  ownership interest, legal or equitable, in real estate in which YOU have or have had
21  an interest.

22    10.    All statements of account and other DOCUMENTS that relate to a
23  stock, money market, option or commodities brokerage account or accounts,
24  whether or not maintained with a stock or commodities broker or other financial
25  institution, in which YOU have or have had an interest.

26    11.    All DOCUMENTS that constitute, evidence, reflect, refer to, or to any
27  property or assets held by any of the CODEFENDANTS.

28

12.    All DOCUMENTS that constitute, evidence, reflect, refer to, or to any sale, transfer, or gift of any of YOUR assets or income.

13.    All notes, mortgages and other DOCUMENTS that refer or relate to any indebtedness, liability or obligation owed by any of the CODEFENDANTS to YOU.

14.    All notes, mortgages and other DOCUMENTS in YOUR  that refer or relate to any indebtedness, liability or obligation owed by YOU to any of the CODEFENDANTS.

15.    All DOCUMENTS that refer or relate to ownership of Photo U.S.A. Corporation, North American Investments Corporation, or Photo USA Electronic Graphic, Inc.

16.    All DOCUMENTS reflecting the assets, liabilities, income, debts, or expenditures of any of the CODEFENDANTS.

17.    All DOCUMENTS that pertain to royalties, expectancies, stock certificates, notes, bonds, debentures, futures contracts, or options, whether negotiable or non-negotiable, in which YOU have or have had an interest.

18.    All DOCUMENTS that pertain to life, casualty, or property insurance policies in which YOU have or have had an interest.

19.    All receipts, rental agreements, or other DOCUMENTS that reflect, refer to, or relate to any safety deposit box to which YOU have or have had access.

20.    All certificates of title for any motor vehicle in which YOU have or have had an interest.

21.    All certificates of title, registration certificates, financing statements, agreements or other DOCUMENTS that reflect, refer, or relate to relate to any airplanes, helicopters, boats, ships, yachts, barges, railway cars, gems, jewelry, artwork, livestock, or race horses in which YOU have or have had an interest.

22.    All certificates of title and other DOCUMENTS that relate to inventory, machinery, supplies, fixed assets, plants, warehouses or other like assets in which YOU have or have had an interest.

23.    All DOCUMENTS reflect, refer to, or relate to YOUR cash on hand.

24.    All DOCUMENTS reflect, refer to, or relate to any funds belonging to YOU that are being held in escrow or trust.

25.    All DOCUMENTS reflect, refer to, or relate to any trust to which you are, have been, or may be a beneficiary.

26.    All agreements, memoranda, minutes, notes, DOCUMENTS filed with any governmental organization or agency, and any other DOCUMENTS that reflect, refer to, or relate to any partnership, joint venture, or any other type of business entity in which you have or have had an interest.

27.    All books, records, journals, ledgers, financial statements, both certified and otherwise, accountants' worksheets and other DOCUMENTS  that reflect YOUR day-to-day financial transactions.

28.    DOCUMENTS sufficient to identify any claims on YOUR behalf in pending lawsuits in which YOU are a party.

29.    All DOCUMENTS that evidence, constitute, reflect, refer to, or relate to any claims, accounts receivable, notes, or expectancies that YOU hold against any person or entity.

30.    All financing statements, security agreements, contracts, promissory notes, purchase agreements, bills of sale, and other DOCUMENTS that list YOU as either the creditor, debtor, guarantor, payee, assignor, assignee, transferor or transferee and any related foreclosure DOCUMENTS.

31.    All DOCUMENTS reflecting, referring to, or relating to the current whereabouts of any tangible assets, including equipment, inventory and real property in which YOU have or have had an interest.

32.     All DOCUMENTS that evidence, constitute, reflect, refer to, or relate to, any judgments held by YOU against any individual or entity.

33.     All DOCUMENTS that evidence, reflect, refer to, or relate to YOUR shareholders.

34.     All DOCUMENTS that evidence, reflect, refer to, or relate to YOUR bondholders.


Dated:        December 10, 2007          **SCHIFF HARDIN LLP**

                                         By:
                                              Jeffrey V. Commisso
                                              Attorneys for Plaintiff
                                              G. G. Marck & Associates, Inc.,

## PROOF OF SERVICE

I, the undersigned, declare:

I am a resident of the State of California and over the age of eighteen (18) years, and not a party to the within action. I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty-Second Floor, San Francisco, California 94105.

On the date below, I caused to be served the following document(s):

**AMENDED NOTICE OF DEPOSITION OF NORTH AMERICAN INVESTMENTS CORPORATION AND DEMAND FOR PRODUCTION OF DOCUMENTS**

on the parties involved addressed as follows:

☒    **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

Daniel R. Richardson
Richardson Intellectual Property Law
870 Market Street, Suite 615
San Francisco, CA 94102
(415) 291-8900
Fax: (415) 291-8391

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 10, 2007, at San Francisco, California.

Susannah Roth

# EXHIBIT E

1  **SCHIFF HARDIN LLP**
   Jean L. Bertrand (Bar No.083250)
2  jbertrand@schiffhardin.com
   Jeffrey V. Commisso (Bar No. 191267)
3  jcommisso@schiffhardin.com
   One Market, Spear Street Tower
4  Thirty-Second Floor
   San Francisco, CA  94105
5  Telephone:  (415) 901-8700
   Facsimile:   (415) 901-8701
6

7  Attorneys for Plaintiff
   G.G. Marck & Associates, Inc.,

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10

11 | G.G. Marck & Associates, Inc.,

12 |                Plaintiff,                    Case No.  C 07 80222 MISC

13 | v.                                          **AMENDED NOTICE OF DEPOSITION OF PHOTO U.S.A. CORPORATION AND DEMAND FOR PRODUCTION OF DOCUMENTS**

14 | James Peng, Photo U.S.A.
   | Corporation, North American
15 | Investments Corp., and Photo USA
   | Electronic Graphic, Inc.,
16

17 |                Defendants.

18

19            TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

20            PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure

21 30, 45, and 69, plaintiff and judgment creditor G. G. Marck & Associates, Inc., by

22 and through its attorneys of record, will take the deposition of defendant and

23 judgment debtor Photo U.S.A. Corporation on the matters listed below.

24            This deposition will take place at Schiff Hardin, LLP, One Market Street,

25 San Francisco, California, 94105, on January 31, 2008, at 9:00 a.m.  The deposition

26 will continue from day to day, excluding weekends and holidays, until complete.

27 The deposition will be taken before a certified court reporter authorized to

28 administer oaths and will be recorded stenographically.

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rules of Civil Procedure 30, 45, and 69, the deponent(s) shall bring to the deposition any and all documents responsive to this notice.

## MATTERS OF EXAMINATION

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Photo U.S.A. Corporation shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf on the following matters:

1.   Photo U.S.A. Corporation's current, past, and future income.

2.   Photo U.S.A. Corporation's current, past, and future assets.

3.   Photo U.S.A. Corporation's current, past, and future liabilities.

4.   Photo U.S.A. Corporation's current, past, and future expenditures.

5.   Photo U.S.A. Corporation's current, past, and future financial, banking, stock, bond, or investment accounts.

6.   Photo U.S.A. Corporation's current, past, and future federal income tax.

7.   Photo U.S.A. Corporation's current, past, and future state income tax.

8.   Photo U.S.A. Corporation's current, past, and future checking accounts, savings accounts, escrow accounts or any other accounts in a bank, savings and loan association, credit union, or other financial institution.

9.   Photo U.S.A. Corporation's current, past, and future ownership interest, legal or equitable, in real estate.

10.   Photo U.S.A. Corporation's current, past, and future stock, money market, option or commodities brokerage account or accounts, whether or not maintained with a stock or commodities broker or other financial institution.

11.   Photo U.S.A. Corporation's current, past, and future property or assets held by James Peng, North American Investments Corporation, or Photo USA Electronic Graphic, Inc.

12.     Photo U.S.A. Corporation's current, past, and future sale, transfer, or gift of any of assets or income.

13.     Current, past, and future indebtedness, liability or obligation owed to Photo U.S.A. Corporation by any person or entity, including James Peng, North American Investments Corporation, or Photo USA Electronic Graphic, Inc.

14.     Photo U.S.A. Corporation's current, past, and future indebtedness, liability or obligation owed to any person or entity, including James Peng, North American Investments Corporation, or Photo USA Electronic Graphic, Inc.

15.     Ownership of Photo U.S.A. Corporation, North American Investments Corporation, and Photo USA Electronic Graphic, Inc.

16.     Assets, liabilities, income, debts, or expenditures of Photo U.S.A. Corporation, North American Investments Corporation, and Photo USA Electronic Graphic, Inc..

17.     All royalties, expectancies, stock certificates, notes, bonds, debentures, futures contracts, or options, whether negotiable or non-negotiable, in which Photo U.S.A. Corporation has a current, past, or future interest.

18.     All life, casualty, or property insurance policies in which Photo U.S.A. Corporation has a current, past, or future interest.

19.     Any safety deposit box in which Photo U.S.A. Corporation has a current, past, or future interest.

20.     Motor vehicles in which Photo U.S.A. Corporation has a current, past, or future interest.

21.     Airplanes, helicopters, boats, ships, yachts, barges, railway cars, gems, jewelry, artwork, livestock, or race horses in which Photo U.S.A. Corporation has a current, past, or future interest.

22.     Inventory, machinery, supplies, fixed assets, plants, warehouses or other like assets in which Photo U.S.A. Corporation has a current, past, or future interest.

JEFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23.    Photo U.S.A. Corporation's current, past, or future interest cash on hand.

24.    All funds belonging to Photo U.S.A. Corporation that are held in escrow or trust.

25.    All trusts to which Photo U.S.A. Corporation is, has been, or may be a trustor, trustee, or beneficiary.

26.    All partnerships, joint ventures, and any other type of business entity in which Photo U.S.A. Corporation has a current, past, or future interest.

27.    Photo U.S.A. Corporation's current, past, and future day-to-day financial transactions.

28.    Pending lawsuits in which Photo U.S.A. Corporation has a current, past, or future interest.

29.    All claims, accounts receivable, notes, or expectancies that Photo U.S.A. Corporation holds against any person or entity.

30.    The current whereabouts of any tangible assets, including equipment, inventory and real property in which Photo U.S.A. Corporation has a current, past, or future interest.

31.    Photo U.S.A. Corporation's financial institutions, financial accounts, financial-account numbers, and financial-account balances.

32.    All judgments held by Photo U.S.A. Corporation against any individual or entity.

33.    Photo U.S.A. Corporation's shareholders.

34.    Photo U.S.A. Corporation's bondholders.

35.    Photo U.S.A. Corporation's stock.

36.    Photo U.S.A. Corporation's bonds.

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rules of Civil Procedure 30, 45, and 69, the deponent(s) shall bring to the deposition any and all documents responsive to the notice of subpoena.

# DEFINITIONS AND INSTRUCTIONS

1.    The terms "YOU" and "YOUR" mean and include Photo U.S.A. Corporation, its parents, subsidiaries, and joint ventures as well as any person or entity acting on its behalf, including its agents, and employees.

2.    The term "CODEFENDANTS" means and includes James Peng, North American Investments Corporation, and Photo USA Electronic Graphic, Inc.

3.    The term "DOCUMENTS" means and includes means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored.

With respect to electronically stored information, such information should be produced in hard copy and electronic format.

# DOCUMENTS YOU ARE TO PRODUCE:

1.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR income.

2.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR assets.

3.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR liabilities.

4.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR expenditures.

5.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR financial, banking, stock, bond, or investment accounts.

6.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR federal income tax.

7.    All DOCUMENTS that constitute, evidence, reflect, refer to, or relate to YOUR state income tax.

8.    All bank statements, signature cards, canceled checks, deposit slips, bank memoranda, checkbooks, certificates of deposit, passbooks and any other DOCUMENTS that relate to checking accounts, savings accounts, escrow accounts or any other accounts in a bank, savings and loan association, credit union, or other financial institution in which YOU have or have had an interest.

9.    All deeds, mortgages, trust deeds, certificates of participation, trust agreements, contracts for deed and other DOCUMENTS that evidence any ownership interest, legal or equitable, in real estate in which YOU have or have had an interest.

10.    All statements of account and other DOCUMENTS that relate to a stock, money market, option or commodities brokerage account or accounts, whether or not maintained with a stock or commodities broker or other financial institution, in which YOU have or have had an interest.

11.    All DOCUMENTS that constitute, evidence, reflect, refer to, or to any property or assets held by any of the CODEFENDANTS.

12.    All DOCUMENTS that constitute, evidence, reflect, refer to, or to any sale, transfer, or gift of any of YOUR assets or income.

13.    All notes, mortgages and other DOCUMENTS that refer or relate to any indebtedness, liability or obligation owed by any of the CODEFENDANTS to YOU.

14.    All notes, mortgages and other DOCUMENTS in YOUR  that refer or relate to any indebtedness, liability or obligation owed by YOU to any of the CODEFENDANTS.

15.    All DOCUMENTS that refer or relate to ownership of Photo U.S.A. Corporation, North American Investments Corporation, or Photo USA Electronic Graphic, Inc.

IIFF HARDIN LLP
TTORNEYS AT LAW
SAN FRANCISCO

16.    All DOCUMENTS reflecting the assets, liabilities, income, debts, or expenditures of any of the CODEFENDANTS.

17.    All DOCUMENTS that pertain to royalties, expectancies, stock certificates, notes, bonds, debentures, futures contracts, or options, whether negotiable or non-negotiable, in which YOU have or have had an interest.

18.    All DOCUMENTS that pertain to life, casualty, or property insurance policies in which YOU have or have had an interest.

19.    All receipts, rental agreements, or other DOCUMENTS that reflect, refer to, or relate to any safety deposit box to which YOU have or have had access.

20.    All certificates of title for any motor vehicle in which YOU have or have had an interest.

21.    All certificates of title, registration certificates, financing statements, agreements or other DOCUMENTS that reflect, refer, or relate to relate to any airplanes, helicopters, boats, ships, yachts, barges, railway cars, gems, jewelry, artwork, livestock, or race horses in which YOU have or have had an interest.

22.    All certificates of title and other DOCUMENTS that relate to inventory, machinery, supplies, fixed assets, plants, warehouses or other like assets in which YOU have or have had an interest.

23.    All DOCUMENTS reflect, refer to, or relate to YOUR cash on hand.

24.    All DOCUMENTS reflect, refer to, or relate to any funds belonging to YOU that are being held in escrow or trust.

25.    All DOCUMENTS reflect, refer to, or relate to any trust to which you are, have been, or may be a beneficiary.

26.    All agreements, memoranda, minutes, notes, DOCUMENTS filed with any governmental organization or agency, and any other DOCUMENTS that reflect, refer, or relate to any partnership, joint venture, or any other type of business entity in which you have or have had an interest.

27.    All books, records, journals, ledgers, financial statements, both certified and otherwise, accountants' worksheets and other DOCUMENTS that reflect YOUR day-to-day financial transactions.

28.    DOCUMENTS sufficient to identify any claims on YOUR behalf in pending lawsuits in which YOU are a party.

29.    All DOCUMENTS that evidence, constitute, reflect, refer to, or relate to any claims, accounts receivable, notes, or expectancies that YOU hold against any person or entity.

30.    All financing statements, security agreements, contracts, promissory notes, purchase agreements, bills of sale, and other DOCUMENTS that list YOU as either the creditor, debtor, guarantor, payee, assignor, assignee, transferor or transferee and any related foreclosure DOCUMENTS.

31.    All DOCUMENTS reflecting, referring to, or relating to the current whereabouts of any tangible assets, including equipment, inventory and real property in which YOU have or have had an interest.

32.    All DOCUMENTS that evidence, constitute, reflect, refer to, or relate to, any judgments held by YOU against any individual or entity.

33.    All DOCUMENTS that evidence, reflect, refer to, or relate to YOUR shareholders.

34.    All DOCUMENTS that evidence, reflect, refer to, or relate to YOUR bondholders.

Dated:  December 10, 2007          **SCHIFF HARDIN LLP**


By: _____
     Jeffrey V. Commisso
     Attorneys for Plaintiff
     G. G. Marck & Associates, Inc.,

SF\9045910.1

1

## PROOF OF SERVICE

2      I, the undersigned, declare:

3      I am a resident of the State of California and over the age of eighteen (18) years, and not a
4  party to the within action. I am an employee of Schiff Hardin LLP, and my business address is
   One Market, Spear Street Tower, Thirty-Second Floor, San Francisco, California 94105.
5
       On the date below, I caused to be served the following document(s):
6

7  **AMENDED NOTICE OF DEPOSITION OF PHOTO U.S.A. CORPORATION AND
   DEMAND FOR PRODUCTION OF DOCUMENTS**

8  on the parties involved addressed as follows:

9

10    ☒      **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with
             postage thereon fully prepaid, in the United States mail at San Francisco, California
11           addressed as set forth below. I am readily familiar with the firm's practice of collection and
             processing correspondence for mailing. Under that practice it would be deposited with the
12           U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary
             course of business.

13

14

15  Daniel R. Richardson
    Richardson Intellectual Property Law
16  870 Market Street, Suite 615
    San Francisco, CA 94102
17  (415) 291-8900
    Fax: (415) 291-8391
18

19      I declare under penalty of perjury under the laws of the State of California that the
20  foregoing is true and correct. Executed on December 10, 2007, at San Francisco, California.

21

22                                    _____
                                      Susannah Roff
23

24

25

26

27

28

# EXHIBIT F

# Richardson Intellectual Property Law

### Professional Corporation

(415) 291-8900
Fax: (415) 291-8391

email: danr @ apatentlawyer.com
870 Market Street, Suite 615
San Francisco, CA 94102

January 22, 2008

Jeffrey Commisso, Esq.
Schiff Hardin LLP
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105

**RE: Continuance on Order of Examination/Notice of Depositions**
**G.G. Marck & Associates v. James Peng, et. al.**
**VIA FAX and First Class Mail**

Dear Mr. Commisso:

Per my telephone voice mail to your direct line of today, I received an email from my client, Mr. Peng, who is presently in Beijing, Peoples Republic of China. He is too ill to travel per his doctor in China, so he asked me to obtain a continuance of his deposition and that of the corporations scheduled for next week.

I was planning to review the documents and prepare responses this week and will be unable to do so in view of his absence.

I would suggest we take it off calendar and as soon as he is back in the country, we can re-schedule.

Thanks for your consideration.

Sincerely,

Daniel R. Richardson, Esq.
Attorney for Defendants

cc: JLB
BAB

SCHIFFHARDIN LLP    JAN 2 4 2008    RECEIVED

# EXHIBIT G


SCHIFFHARDIN LLP

ONE MARKET
SPEAR STREET TOWER
THIRTY-SECOND FLOOR
SAN FRANCISCO, CA  94105
t 415.901.8700
f 415.901.8701
www.schiffhardin.com

Jeffrey V. Commisso
415-901-8781
jcommisso@schiffhardin.com

January 28, 2008

**VIA FACSIMILE (415) 291-8391**

Daniel R. Richardson
Richardson Intellectual Property Law
870 Market Street, Suite 615
San Francisco, CA  94102

Re:    **G. G. Marck & Associates, Inc. v. James Peng et al.**

Case No. C 07 MC 80222 SI

Dear Mr. Richardson:

I am writing to confirm or January 28, 2008, telephone call.  We discussed the debtors' exams this week and you confirmed that none of your clients would appear.  You explained that this was because Mr. Peng is in the PRC and too ill to travel.  Nevertheless, you mentioned that you heard from Mr. Peng who reported that he was feeling better and that he tentatively planed to return to the USA on February 5, 2008.  You suggested that we wait until his return to pick new dates.

We agreed to discuss new dates for the debtors' exams on February 6, 2008.  We also agreed to memorialize our agreement and the new dates in a stipulation and order to be submitted to the Court. Finally, we agreed that your clients would produce documents five days before their depositions.

Thank you for your cooperation.  I look forward to talking to you again on February 6, 2008.

Very truly yours,

Jeffrey V. Commisso

JVC:new

35323-0000
SF\9084088.1
CHICAGO  I  WASHINGTON  I  NEW YORK  I  LAKE FOREST  I  ATLANTA  I  SAN FRANCISCO

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO           4616
CONNECTION TEL              2918391
SUBADDRESS
CONNECTION ID
ST. TIME           01/28 17:54
USAGE T            01'00
PGS.               2
RESULT             OK
```



**SCHIFFHARDIN**LLP

6600 Sears Tower, Chicago, Illinois 60606-6473 · 312.258.5500
Facsimile 312.258.5600

| | |
|---|---|
| ATTORNEY NO.: | 2722 |
| CLIENT/MATTER NO.: | 35323-0000 |
| DATE: | January 28, 2008 |

## FACSIMILE TRANSMITTAL SHEET

### TO THE FOLLOWING:

| Name | Company | Fax Number | Phone Number |
|---|---|---|---|
| Daniel R. Richardson | Richardson Intellectual Property Law | 415-291-8391 | |

FROM: Jeffrey V. Commisso          DIRECT DIAL NO.: 415-901-8781

Transmission consists of cover sheet plus 2 page(s).

If there are any problems with this transmission, please call Nadine at 415-901-8700.

COMMENTS:

PLEASE SEE THE ATTACHED FOR YOUR REVIEW.

# EXHIBIT H



One Market
Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
t 415.901.8700
f 415.901.8701
www.schiffhardin.com

Jeffrey V. Commisso
415-901-8781
jcommisso@schiffhardin.com

February 11, 2008

**VIA FACSIMILE (415) 291-8391**

Daniel R. Richardson
Richardson Intellectual Property Law
870 Market Street, Suite 615
San Francisco, CA  94102

Re:    **G. G. Marck & Associates, Inc. v. James Peng et al.**

Case No. C 07 MC 80222 SI

Dear Mr. Richardson:

I am writing to follow up on my January 28, 2008, letter and our failed attempts to connect by phone last week.  Please let me know at your earliest convenience whether Mr. Peng is back in the United States and when he can appear for debtor exams.  I understood that he was expected back on February 5, 2008.  With respect to setting dates and memorializing them in a stipulation and order, we can pick specific dates for the debtor exams or we can agree to a to-be-completed-before date.  I look forward to hearing from you soon.

Very truly yours,

Jeffrey V. Commisso

JVC:new

35323-0000
SF\9091039.1

```
*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO              4658
CONNECTION TEL                    2918391
SUBADDRESS
CONNECTION ID
ST. TIME              02/11 12:07
USAGE T               00'57
PGS.                     2
RESULT                OK
```



6600 Sears Tower, Chicago, Illinois 60608-6473 · 312.258.5500
Facsimile 312.258.5600

| | |
|---|---|
| ATTORNEY NO.: | 2722 |
| CLIENT/MATTER NO.: | 35323-0000 |
| DATE: | February 11, 2008 |

## FACSIMILE TRANSMITTAL SHEET

### TO THE FOLLOWING:

| Name | Company | Fax Number | Phone Number |
|---|---|---|---|
| Daniel R. Richardson | Richardson Intellectual Property Law | 415-291-8391 | |

FROM:   Jeffrey V. Commisso          DIRECT DIAL NO.:   415-901-8781

Transmission consists of cover sheet plus 2 page(s).

If there are any problems with this transmission, please call Nadine at 415-901-8700.

COMMENTS:

PLEASE SEE THE ATTACHED FOR YOUR REVIEW.

# EXHIBIT I



One Market
Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
t 415.901.8700
f 415.901.8701
www.schiffhardin.com

Jeffrey V. Commisso
415-901-8781
jcommisso@schiffhardin.com

February 19, 2008

**VIA FACSIMILE (415) 291-8391**

Daniel R. Richardson
Richardson Intellectual Property Law
870 Market Street, Suite 615
San Francisco, CA 94102

Re:    *G. G. Marck & Associates, Inc. v. James Peng et al.*
       Case No. C 07 MC 80222 SI

Dear Mr. Richardson:

I am enclosing a proposed stipulation and order concerning the debtors exams / depositions in this matter. Please let me know if you have any concerns or proposed changes. If not, please sign and return a copy. I will take care of submitting this to the Court. Your prompt attention would be appreciated.

Very truly yours,

Jeffrey V. Commisso

JVC:dwg

Enclosure

SF\9094349.1

**SCHIFF HARDIN LLP**
Jean L. Bertrand (Bar No.083250)
jbertrand@schiffhardin.com
Jeffrey V. Commisso (Bar No. 191267)
jcommisso@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Attorneys for Plaintiff
G.G. Marck & Associates, Inc.,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| G.G. Marck & Associates, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>James Peng, North American Investments Corporation, North American Investments Corp., and Photo USA Electronic Graphic, Inc.,<br><br>    Defendants. | Case No. C 07 80222 MISC<br><br>**[PROPOSED]**<br><br>**STIPULATION & ORDER REGARDING DEBTORS EXAMS** |

[PROPOSED] STIPULATION & ORDER
REGARDING DEBTORS EXAMS

C 07 80222 MISC

Whereas there is a dispute between the parties concerning the scheduling of debtors examinations of James Peng, Photo U.S.A. Corporation, and North American Investments Corporation; and

Whereas the parties wish to avoid motion practice,

THE PARTIES, BY AND THROUGH THEIR COUNSEL OF RECORD, stipulate that:

1.    James Peng's deposition will proceed on or before April 15, 2008, and upon such future dates to which the parties may agree; and

2.    Photo U.S.A. Corporation's deposition will proceed on or before April 15, 2008, and upon such future dates to which the parties may agree,

3.    North American Investments Corporation's deposition will proceed on or before April 15, 2008, and upon such future dates to which the parties may agree

4.    At least five court days before their deposition, James Peng, Photo U.S.A. Corporation, and North American Investments Corporation will each separately produce documents sought by G.G. Marck & Associates in its December 10, 2007, deposition notices; and

5.    It is the intent and understanding of the parties that this stipulated order shall constitute a prior order, the violation of which may subject James Peng, Photo U.S.A. Corporation, and North American Investments Corporation to sanctions or contempt.

- 2 -

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] STIPULATION & ORDER
REGARDING DEBTORS EXAMS

C 07 80222 MISC

6.    Counsel warrant that they have the power and authority to enter into this stipulation.


IT IS SO STIPULATED.


February ____, 2008        RICHARDSON INTELLECTUAL PROPERTY LAW


_____
By  Daniel R. Richardson
Attorneys for defendants / debtors
James Peng, Photo U.S.A. Corporation, and North
American Investments Corporation


February ____, 2008        SCHIFF HARDIN, LLP


                By    _____
                      Jeffrey V. Commisso
                      Attorneys for plaintiff / creditor
                      G.G. Marck & Associates, Inc.


IT IS SO ORDERED.


Dated:_____        _____
                             Judge of the United States District Court

SF\9094340.1

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] STIPULATION & ORDER
REGARDING DEBTORS EXAMS

C 07 80222 MISC

```
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO              1176
CONNECTION TEL                    2918391
SUBADDRESS
CONNECTION ID
ST. TIME              02/19 09:31
USAGE T               02'06
PGS.                  5
RESULT                OK
```



# SCHIFF HARDIN LLP

One Market, Spear Street Tower, Thirty-Second Floor, San Francisco, California 94105 · 415.901.8700
Facsimile 415.901.8701

| | |
|---|---|
| CLIENT/MATTER NO.: | 35323-0000 |
| DATE: | February 19, 2008 |

## FACSIMILE TRANSMITTAL SHEET

**TO THE FOLLOWING:**

| Name | Fax Number | Phone Number |
|---|---|---|
| Daniel R. Richardson | (415) 291-8391 | (415) 291-8900 |

| FROM: | Jeffrey V. Commisso | DIRECT DIAL NO.: | (415) 901-8781 |
|---|---|---|---|

Transmission consists of cover sheet plus **4** pages.

If there are any problems with this transmission, please call Dan Gunn at (415) 901-8788.

COMMENTS

# EXHIBIT J



ONE MARKET
SPEAR STREET TOWER
THIRTY-SECOND FLOOR
SAN FRANCISCO, CA  94105
*t* 415.901.8700
*f* 415.901.8701
www.schiffhardin.com

Jeffrey V. Commisso

February 26, 2008

**VIA FACSIMILE (415) 291-8391**

Daniel R. Richardson
Richardson Intellectual Property Law
870 Market Street, Suite 615
San Francisco, CA  94102

Re:    **G. G. Marck & Associates, Inc. v. James Peng et al.**

Case No. C 07 MC 80222 SI

Dear Mr. Richardson:

We have not received a response to our February 19, 2008, letter enclosing a proposed stipulation and order.  We also have not received a response to our phone calls and voicemails to you on February 15 and 21, 2008.  If we do not hear from you or receive a signed copy of the proposed stipulation and order from you before the close of business on February 27, 2008, we will proceed with motion practice.

Very truly yours,

Jeffrey V. Commisso

JVC:new

SF\9099401.1

```
                          ********************
                     ***    TX REPORT    ***
                          ********************

         TRANSMISSION OK

         TX/RX NO                  4696
         CONNECTION TEL                      2918391
         SUBADDRESS
         CONNECTION ID
         ST. TIME             02/26 16:06
         USAGE T              00'56
         PGS.                     2
         RESULT               OK
```



6600 Sears Tower, Chicago, Illinois 60606-6473 · 312.258.5500
Facsimile 312.258.5600

| | |
|---|---|
| ATTORNEY NO.: | 2722 |
| CLIENT/MATTER NO.: | 35323-0000 |
| DATE: | February 26, 2008 |

## FACSIMILE TRANSMITTAL SHEET

**TO THE FOLLOWING:**

| Name | Company | Fax Number | Phone Number |
|---|---|---|---|
| Daniel R. Richardson | Richardson Intellectual Property Law | 415-291-8391 | |

FROM:   Jeffrey V. Commisso                    NO.:            415-901-8700

Transmission consists of cover sheet plus 2 page(s).

If there are any problems with this transmission, please call Nadine at 415-901-8700.

COMMENTS:

PLEASE SEE THE ATTACHED LETTER FOR YOUR REVIEW AND ACTION.